**MARK MIGDAL & HAYDEN**
PAUL A. LEVIN (CA State Bar No. 229077)
LAUREN M. GIBBS (CA State Bar No. 251569)
11150 Santa Monica Blvd., Suite 1670
Los Angeles, California 90025
Telephone: (305) 374-0440
e-mail: paul@markmigdal.com
lauren@markmigdal.com

**MORTGAGE RECOVERY LAW GROUP, LLP**
MICHAEL H. DELBICK (CA State Bar No. 139200)
550 North Brand Boulevard, Suite 1100
Glendale, California 91203
Telephone: (818) 630-7900
e-mail: mdelbick@themrlg.com

**FEDERAL DEPOSIT INSURANCE CORPORATION**
JOHN V. CHURCH (to seek admission pro hac vice)
3501 Fairfax Drive
Arlington, Virginia 22226
Telephone: (904) 302-2796
e-mail: jchurch@fdic.gov

Attorneys for Plaintiff Federal Deposit
Insurance Corporation as Receiver
for Washington Mutual Bank

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WASHINGTON MUTUAL BANK,<br><br>    Plaintiff,<br><br>  vs.<br><br>FREEDOM MORTGAGE CORPORATION,<br>    Defendant. | Case No. 8:23-cv-01359-FWS-KES<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge Karen E. Scott] |

Plaintiff Federal Deposit Insurance Corporation as Receiver ("FDIC-R") for Washington Mutual Bank ("WaMu") and Defendant Freedom Mortgage Corporation ("Freedom") (together, "the Parties") have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively the specific "documents"), shall be subject to this Order concerning Confidential Material as defined below. The protections conferred by this Order cover not only Confidential Material (as defined below) but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by parties, third parties or their respective counsel that might reveal Confidential Material. This Order is subject, as applicable, to the Local Rules of this District, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Definition of Confidential Material**. For purposes of this Protective Order, "Confidential Material" shall mean certain documents, records, and information, including electronically composed or stored information in written, electronic, digital, or any other medium provided in Federal Rule of Civil Procedure 34(a)(1)(A) (hereinafter "Information"), provided by any Party or non-party pursuant to this Protective Order. Confidential Material includes, but is not limited to, the following:

   (a) **Regulatory**: Confidential Material related in any way to the regulation or supervision of WaMu, in whatever form, whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the Federal Deposit Insurance Corporation ("FDIC") in its corporate capacity,

the Comptroller of the Currency, the Office of Thrift Supervision, or any other federal or state regulatory authority, and any Information containing confidential material obtained from any documents and records related to the supervision or regulation of WaMu.  The Parties understand and agree that the release of such regulatory Information may require approval from independent government agencies, and that no regulatory Information, however obtained, will be disclosed to non-parties not covered by this Protective Order.

**(b) Statutory**:  Confidential Material includes Information that is confidential pursuant to the Freedom of Information Act, 5 U.S.C. § 552, 12 C.F.R. Part 309, 12 C.F.R. § 21.11 or any other applicable federal or state laws, including consumer nonpublic personal information ("Non-Party Borrower Information") as defined by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, et seq. and its implementing regulations.

**(c) Bank and Bank Customers:**  Confidential Material related to WaMu, its employees (i.e., personnel or employment records), its customers, any trading company involved in placing orders for commodities futures or options, or any other entity, including Automated Clearing House items or transactions, chargebacks, merchant processing, bank account information, signature cards, bank statements, general ledger entries, deposit or reserve information, commodity trading statements, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and related loan documentation relating to any extension of credit or loan to any borrower. Examples of "Confidential Material," without limitation, include documents containing a customer's account number, credit card number, personal identification number, account balance, Information relating to a deposit account, loan, or borrower relationship and loan application materials, and

documents or Information that contain the customer's name, address, social security number, date of birth or other similar identifying Information.

**(d) Receivership**: Confidential Material related to the receivership of WaMu, including any Information on loss or estimates of such loss on WaMu's assets not publicly available. Notwithstanding the provisions of paragraph 5(b)(1)-(9) below, no such Confidential Material shall be disclosed to any person or entity known to have any current or prospective interest in such assets, regardless of whether that person or entity is a defendant or non-party that would otherwise be allowed access to Information under the terms of this Protective Order. This subparagraph (d), however, does not prevent such Confidential Material—to the extent same may be produced—from being shared with Party experts or others listed in paragraphs 5(b)(1)-(9).

**(e) Non-Parties**: Confidential Material produced by independent contractors, outside accountants or auditors (other than Defendant), or other entities or individuals who performed work for WaMu.

**(f) Trade Secrets and Other Information**: Confidential Material that reveals trade secrets or research, technical, commercial, or financial Information that the Party or non-party has maintained as confidential.

**(g) Personally Identifiable Information (PII):** Confidential Material that contains PII as defined in the Freedom of Information Act, the Privacy Act, the Bank Secrecy Act, and Gramm-Leach-Bliley Act.

**(h) Miscellaneous:**

    1. Confidential Material that is of a personal or intimate nature regarding any individual that could cause harm to the reputation of or embarrassment to the individual.

    2. Confidential Material that contains Information as to which a Party owes a contractual duty of confidentiality to another person or entity.

        3. Confidential Material permitted to be designated as such under Federal Rule of Civil Procedure 26 (c).

If any Party or non-party believes that Information not described above should nevertheless be considered as Confidential Material, it may seek a stipulation among the Parties to treat such Information as Confidential Material or it may make an appropriate application to the Court. Such application shall only be granted for good cause shown. Information that is available to the public or generally known in the industry of the producing Party or non-party may not be designated as Confidential Material. Notwithstanding the foregoing paragraphs (a) through (g), no Party is estopped or in any way prevented from later challenging the confidentiality designation of any Confidential Material.

      **3.** **Confidential Designation and Treatment of Confidential Material**. Confidential Material provided by any Party or non-party pursuant to this Protective Order that is deemed and denominated by any Party or producing non-party as "Confidential" pursuant to this Protective Order shall be deemed to be Confidential Material, unless and until that designation is challenged pursuant to paragraph 9 below. Confidential Material may be designated as such by affixing to the material the legend "Confidential." For example, the production media/container for native files or productions may be designated as "Confidential." The failure to designate any Confidential Material with such legend shall not constitute a waiver by any Party or producing non-party of the right to assert that such Information contains or includes protected Confidential Material. In the event that any Party or non-party produces Confidential Material without designating it as such, any Party or non-party may notify the receiving Parties that the Information should have been designated Confidential Material, and the Parties will treat the Information as Confidential Material under this Protective Order. Confidential Material shall only mean and shall be limited to the Information produced in this Lawsuit marked with a Bates Stamp number or otherwise designated as "Confidential." In the event a Party obtains a

duplicate copy of Confidential Material produced in discovery in this Lawsuit from a publicly available source, the Party acquiring the Confidential Material shall not be required to comply with the terms of this Order regarding the use of the duplicate Confidential Material, and the use of such duplicate Confidential Material shall not be subject to the provisions of this Order.

**4.     Depositions**.  Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Material until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given.  Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.  The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Material, unless otherwise ordered by the Court.

**5.     Protection of Confidential Material**.

   **(a)     General Protections**.  Confidential Material shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.  The transmission of Confidential Information between the FDIC-R and other government agencies, including, but not limited to, the FDIC acting in its various other capacities, shall not constitute disclosure for purposes of this Order.

   **(b)     Limited Third-Party Disclosures**.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Material to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be

6
STIPULATED PROTECTIVE ORDER

allowed to review Confidential Material after being informed of the terms of this Order:

  (1) Counsel for the parties and employees of counsel who have responsibility for the action;

  (2) Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

  (3) The Court and its personnel;

  (4) Any mediator appointed by the Court or the Parties, and persons employed by him or her;

  (5) Court reporters and recorders engaged for depositions;

  (6) Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

  (7) Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

  (8) During their depositions, witnesses and their counsel in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order

must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

   (9) The author or recipient of the document (not including a person who received the document in the course of litigation); and

   (10) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

  **(c)** **Control of Documents**.  Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of Confidential Material. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

 **6.** <u>**Failure to Designate**</u>.  A failure to designate a document as Confidential Material does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order does waive any protection for deposition testimony.  If a party designates a document as Confidential Material after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Material, even where the material is subsequently designated Confidential Information.

 **7.** <u>**Filing of Confidential Material**</u>.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with applicable local rules.

**8. No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**9. Challenges by a Party to Designation as Confidential Material**. The designation of any material or document as Confidential Material is subject to challenge by any party. The following procedure shall apply to any such challenge.

**(a) Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

**(b) Judicial Intervention**. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Material under the terms of this Order.

**10. Action by the Court**. Applications to the Court for an order relating to materials or documents designated as Confidential Material may be raised informally or by motion. Nothing in this Order or any action or agreement of a party under this

Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**11. <u>Use of Confidential Documents or Information at Trial</u>**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**12. <u>Confidential Material Subpoenaed or Ordered Produced in Other Civil Litigation</u>**.

(a) If a receiving party is served with a subpoena or an order issued in other civil litigation that would compel disclosure of any material or document designated in this action as Confidential Material, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other civil litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Material, and nothing in these provisions should be construed as authorizing or

encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Material produced by the designating party.

13. **Confidential Information Subpoenaed or Ordered Produced Pursuant to Criminal Investigation and/or Prosecution**. Notwithstanding any other provision of this Order, if a receiving party is served with a warrant, writ, grand jury subpoena, or criminal subpoena, the receiving party shall comply with that warrant, writ, grand jury subpoena, or criminal subpoena without further notification to any other party.

14. **Disclosure of Non-Party Borrower Information**. To the extent any federal or state law or other legal authority governing the disclosure or use of non-party borrower Information ("Non-Party Borrower Information Law") permits disclosure of such Information pursuant to an order of a court, this Order shall constitute compliance with such requirement. To the extent any Non-Party Borrower Information Law requires a producing party or non-party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Non-Party Borrower Information, the Court finds that, in view of the protections provided for the Information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the producing Party or non-party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Non-Party Borrower Information in the Action. To the extent that any Non-Party Borrower Information Law requires that any person or entity be notified prior to disclosure of Non-Party Borrower Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the Information disclosed in this Order, the volume of

documents to be produced and the ongoing oversight of the Court, producing Parties or non-parties are explicitly prohibited from providing such notice in the Action; provided, however, that this Order shall not prohibit any producing Party or non-party from contacting any person or entity for any other purpose. Any producing Party or non-party may seek additional orders from this Court that such Party or non-party believes may be necessary to comply with any Non-Party Borrower Information Law.

**15.     Reservation of Rights**.  Nothing in this Protective Order confers upon the Parties any further right or access to Confidential Material not provided by the other Parties, including but not limited to any Information a Party or non-party withholds on the basis of any applicable privilege or immunity, regardless of whether such withheld Information may otherwise qualify as Confidential Material if produced rather than withheld.  With respect to Confidential Material requested or produced, each Party reserves its rights under this Protective Order, and otherwise under law.  Any Confidential Material withheld on this basis or any other basis must be identified on a privilege log to be provided by the Party or non-party asserting the privilege or other protection within two weeks of the date the Confidential Material would have been produced had it not been privileged or otherwise protected from disclosure.

**16.     Obligations on Conclusion of Litigation**.

(a)     **Order Continues in Force**.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     **Obligations at Conclusion of Litigation**.  Within sixty (60) days of the conclusion of this action (meaning final judgment and exhaustion of all appeals or a final settlement of all claims), all Parties in receipt of Confidential Material shall use commercially reasonable efforts to either return such materials and copies thereof to the producing Party or destroy such materials and certify that fact unless the Confidential Material has been offered into

evidence or filed without restriction as to disclosure. The receiving Party's commercially reasonable efforts shall not require the return or destruction of Confidential Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Material but such retained information shall continue to be treated in accordance with this Protective Order. Counsel of record shall also be permitted to keep a copy of Confidential Material to the extent that it is incorporated into any pleadings, motions or other attorney work product. In that case, counsel of record shall continue to treat the Confidential Material in accordance with this Protective Order. Upon request, counsel of record shall certify in writing that they have complied with this paragraph.

17. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

18. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Material by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. **No Waiver of Privileges**. Pursuant to Federal Rule of Evidence 502(d), the production of Confidential Material that is subject to the attorney-client privilege, work product doctrine, or other claimed privileges, doctrines, exemptions, or restrictions that the producing Party or non-party might cite in good faith as a basis

for withholding such Confidential Material from production to any other party shall not be deemed, and shall not constitute, in this or any other federal or state proceeding, a waiver of any otherwise applicable privilege or protection. The Parties shall not have to meet the requirements of Federal Rule of Evidence 502(b)(1)-(3). With respect to the FDIC, in any of its capacities, these privileges include, but are not limited to, any privilege that WaMu may have had or any federal or state regulatory agency may hold. The Parties' production of Confidential Material is not intended to, and shall not, waive or diminish in any way the confidentiality of such material or its continued protection under the attorney-client privilege, work product doctrine, or any applicable privilege as to any other non-party.

Furthermore, in the event that a Party or non-party produces attorney-client privileged or otherwise privileged Information, or other Information protected by law from disclosure even under a Protective Order, and if the Party or non-party subsequently notifies the receiving Party or non-party that the privileged Information should not have been produced, the receiving Party or non-party shall immediately return the originals and all copies of the produced privileged Information. If a party withholds any information on the basis of Privilege, it shall provide a categorical privilege log. The Parties agree that FDIC-R is not required to provide any kind of identification of the documents withheld from production as protected by the Bank Secrecy Act. Nothing in this Protective Order shall prevent FDIC from using any Confidential Material that it produces to any Party or non-party in any of FDIC's capacities for any lawful purposes.

20. **Binding Effect; Assignment**. This Protective Order shall be binding upon and insure to the benefit of the Parties and non-parties hereto, their affiliates, their representatives, and their respective successors or assigns. No Party may assign any right or delegate any duty under this Protective Order other than to an affiliate without the other Party's prior written consent.

21. **Remedies**. To enforce rights under this Protective Order or in the event of an alleged violation of this Protective Order, the Parties and/or any producing non-party shall first seek to resolve the alleged violation through prompt and reasonable discussion. In the event such efforts fail to promptly resolve the alleged violation, the Parties and/or any producing non-party reserve the right to seek relief from the Court in the Lawsuit for money damages, injunctive relief, or any other relief as appropriate.

22. **Notice**. All notices required to be given under the Protective Order shall be in writing and delivered to the addresses set forth below or their designated successor counsel of record, if any. Notice shall be sent by overnight delivery or registered or certified mail, return receipt requested, and by e-mail, and shall be considered delivered and effective three days after mailing.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

Dated: December 5, 2023

| s/ *Paul A. Levin* | s/ *Philip R. Stein* |
|---|---|
| Signature | Signature |
| | |
| Paul A. Levin | Philip R. Stein |
| Mark Migdal & Hayden | Bilzin Sumberg Baena Price & Axelrod |
| 11150 Santa Monica Blvd. | 1450 Brickell Avenue |
| Suite 1670 | Suite 2300 |
| Los Angeles, California 90025 | Miami, Florida 33131 |

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

s/ *Paul A. Levin*
Paul A. Levin

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: December 6, 2023

_____
Hon. Karen E. Scott
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WASHINGTON MUTUAL BANK,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>　　　　Defendant. | Case No. 8:23-cv-01359-FWS-KES<br><br>**EXHIBIT A** |

## ACKNOWLEDGMENT AND AGREEMENT
## TO AGREED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Agreed Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Agreed Protective Order and understands that the terms of the Agreed Protective Order obligate him/her to use materials designated as Confidential Material in accordance with the Order solely for the purposes of the above captioned action, and not to disclose any such Confidential Material to any other person, firm or concern.

The undersigned acknowledges that violation of the Agreed Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Address: _____

_____

_____

Date: _____

Signature: _____

STIPULATED PROTECTIVE ORDER